FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 MAR 17 PM 1:07

OFFICE OF THE CLERK

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 09-3086

---

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | *  8:08CR267 |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  District of Nebraska. |
| Juan Correa-Gutierrez, also known as | * |
| Armando Valencia Andrade, | *  [UNPUBLISHED] |
| | * |
| Appellant. | * |

---

Submitted: March 10, 2010
Filed: March 15, 2010

---

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

---

PER CURIAM.

Juan Correa-Gutierrez appeals the sentence imposed by the District Court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute fifty grams or more of actual methamphetamine. 21 U.S.C. § 841(a)(1) & (b)(1). Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as potential issues that the District Court committed procedural error

---

[1] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

by assessing a four-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a) and that the sentence is substantively unreasonable.

The District Court did not commit procedural error by applying the aggravating-role enhancement. More than five participants were involved in the criminal activity, and Correa-Gutierrez supplied them with drugs and directed their actions. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (noting that appellate court reviews a sentence for abuse of discretion, first ensuring there are no significant procedural errors and then considering the substantive reasonableness of the sentence); United States v. Alexander, 556 F.3d 890, 894 (8th Cir. 2009) (noting that imposition of a § 3B1.1(a) aggravating-role enhancement is reviewed for clear error); United States v. Razo-Guerra, 534 F.3d 970, 976–77 (8th Cir. 2008) (upholding a § 3B1.1(a) aggravating-role enhancement where the defendant recruited seven participants for criminal activity; supplied drugs; and directed drug deliveries, transportation, and storage), cert. denied, 129 S. Ct. 1365 (2009).

We further conclude that the Correa-Gutierrez's sentence, which is at the bottom of the advisory Guidelines sentencing range, was not substantively unreasonable. See United States v. Sicaros-Quintero, 557 F.3d 579, 583 (8th Cir. 2009) (according a presumption of reasonableness to a sentence at the bottom of the Guidelines range); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (describing what constitutes an abuse of discretion resulting in an unreasonable sentence), cert. denied, 552 U.S. 927 (2007).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

---