IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR267 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN CORREA-GUTIERREZ, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   This matter is before the Court on defendant Juan Correa-Gutierrez's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 123).  On April 20, 2009, defendant pled guilty to conspiracy to distribute methamphetamine and a forfeiture count.  On July 31, 2009, the Court sentenced defendant to a 324-month term of imprisonment (Filing No. 92), which was at the bottom of his guideline range.  Defendant appealed his sentence, which the Eighth Circuit affirmed.  *United States v. Correa-Gutierrez*, 367 F. App'x 724 (8th Cir. 2010).

   In his motion to vacate now before the Court, defendant maintains his guilty plea should be vacated or, alternatively, his sentence should be reduced, because his counsel was ineffective for failing to inform defendant that he would be deported and forbidden from re-entering the United States. Defendant's position is drawn from the recent U.S. Supreme Court decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).  In

*Padilla*, the Supreme Court held "that counsel must inform [his] client whether his plea carries a risk of deportation." *Padilla*, 130 S. Ct. at 1486.

In a previous order filed in a case raising a similar issue, the Court determined that *Padilla* is not retroactive because it created a "new rule," which "'was not dictated by precedent existing at the time the defendant's conviction became final.'" *United States v. Perez*, No. 8:09CR296, 2010 WL 4643033, at *2 (D. Neb. Nov. 9, 2010) (quoting *Miller v. Lochhart*, 65 F.3d 676, 685 (8th Cir. 1995) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989))).  While it is true that in *Padilla*'s aftermath courts have split regarding whether it is retroactive, *see Smith v. United States*, No. 10-21507-CIV, 2011 WL 837747, at *10 (S.D. Fla. Feb. 4, 2011) (collecting cases), the Court has not come across any authority necessitating a contrary conclusion from its decision in *Perez*.  Accordingly, the Court reaffirms its conviction "that *Padilla* created a 'new rule' that should not apply retroactively," *Perez*, 2010 WL 4643033, at *2, and will deny defendant's motion.

Finally, even if the Court did apply *Padilla* retroactively, the Court fails to see how the purported ineffectiveness of defendant's counsel prejudiced defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Prior to his conviction, defendant resided illegally in the United States.

*See* Presentence Investigation Report, Filing No. 94, ¶¶ 56, 60. Thus, defendant was subject to deportation regardless of whether he pled guilty to the crime charged against him. "As his guilty plea had no bearing on his deportability, the information about the immigration consequences of his guilty plea would not have affected his decision whether to plead or go to trial." *United States v. Gutierrez Martinez*, Crim. No. 07-91(5), 2010 WL 5266490, at *4 (D. Minn. Dec. 17, 2010); *see also United States v. Aceves*, Civ. No. 10-738, 2011 WL 976706, at *5 (D. Haw. Mar. 17, 2011); *Mudahinyuka v. United States*, No. 10C5812, 2011 WL 528804, at *4 (N.D. Ill. Feb. 7, 2011).[1]  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 17th day of May, 2011.

                                BY THE COURT:

                                /s/ Lyle E. Strom
                                _____
                                LYLE E. STROM, Senior Judge
                                United States District Court

---

[1] Defendant also contends his Nebraska counsel was ineffective for failing to make a motion during his sentencing for a downward departure or variance because his counsel in a 1994 California criminal case failed to inform defendant that he would be subject to deportation if he pled guilty to the California crime.  To the extent the Court understands defendant's argument, the Court rejects it for the reasons set forth in this opinion.