JUAN CORREA-GUTIERREZ
22397-047
FCI-Big Spring
1900 Simler Ave.
Big Spring, TX  79720

Defendant Pro Se

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2019 JUL 22  AM II: 37

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA-OMAHA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JUAN CORREA-GUTIERREZ,<br>Defendant. | Case No. 08CR267<br><br>MOTION TO CORRECT MISCARRIAGE<br>OF JUSTICE UNDER EXTRAORDINARY<br>WRIT OF AUDITA QUERELA, OR IN<br>THE ALTERNATIVE PLAIN ERROR |

RECEIVED

JUL 22 2019

CLERK
U.S. DISTRICT COURT

COMES NOW Defendant Pro Se, JUAN CORREA-GUTIERREZ (hereinafter "Correa"), respectfully moves this Honorable Court to correct his conviction and sentence pursuant to the writ of error audita querela under statutory law of All Writs Act; 28 U.S.C. § 1651, or alternatively under plain error (Fed.R.Crim.P. 52(b)), and ORDER his immediate release.

## I.  BACKGROUND

On August 20, 2008, Correa was indicted by a grand jury with a two Count Superseding Indictment in violation of 21 U.S.C. § 846, for distribution and possession of 50 grams or more of actual metamphetamine, its salts and isomers in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1), and also in violation of 21 U.S.C. §846. Count II of the indictment was related to forfeiture of about $28,000.00 cash recovered, which the Government discovered in different locations, which did not belong to Correa.    A copy of the indictment is appended hereto as Appendix A.

On April 20, 2009, Correa before enpaneiling a jury, on the advice of his defense lawyers, pleaded guilty to the Superseding Indictment with no contemplations of 11(c)(1)(1) factors that impact the sentencing guidelines. He just straightforward pleaded guilty and promised that he will cooperate with the Government in its future investigation. Copies of the related part of the guilty plea proceeding are appended hereto as Appendix B.

On July 31, 2009, this Court sentenced Correa to a term of 324 months imprisonment by adjusting his base offense level of 38 to 42 for being an organizer or leader of the underlying conspiracy to distribute methamphetamine. Or in other words, the Court applied a four point enhancement for that purpose. The Court later granted a two point reduction for acceptance of responsibility. The end result was that Correa was sentenced under final offense level of 40 and criminal history of II, because 10 years earlier he was caught with possession of 14 grams cocaine powder, which was for his personal use. Copies of the related portion of the sentencing proceeding are appended hereto as Appendix C.

## II.  DISCUSSION

A.   LEGAL STANDARD

   a. Audita Querela

In United States v. Morgan, 364 U.S. 507 (1954), the Supreme Court painstakingly distinguished a § 2255 motion from the writ process in criminal cases.

> "The contention is made that § 2255 of Title 28 U,S.C., providing that a prisoner in custody may at any time move the Court which imposed a sentence to vacate it if in violation of the constitutional laws of the United States, should be construed to cover the entire field of remedies in the nature of coram nobis [audita querela] in federal courts. We see no compelling reason to reach that conclusion."

Id. at 510.

Indeed, the Supreme Court in Morgan, recognized the availability of the writ, even after the exhaustion of all other remedies.

2

> "Continuation of litigation after final judgment
> and exhaustion of waiver of any statutory right
> of review, should be allowed through this
> extraordinary remedy only under circumstances
> compelling such action to achieve justice."

Id. at 252.

The Morgan Court went on to state:

> "We know of nothing in the legislative history
> that indicates a different conclusion. We do
> not think that the enactment of § 2255 is a
> bar to this motion..."

Id. at 252.

A writ of error is addressed by the sentencing jurisdiction/court. United States v. Montreal, 301 F.3d 1127, 1130 (9th Cir. 2002); United States v. Valdez Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)(The common law writ of Audita Querela is available to "fill the interstices of the federal post-conviction remedial framework." While its uses are limited in modern times, the writ is available to fill gaps in the current system of postconviction relief).

In Obado v. New Jersey, 328 F.3d 716 (3rd Cir. 2002), the Third Circuit Court of Appeals asserted,"the unavailability of habeas corpus relief does not leave deserving petitioners entirely without recourse because they may bring claims via Writ of Error." Id. at 718, citing Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982).

Moreover, where federally protected rights have been invaded, it has been the rule from the beginnig that courts will be alert to adjust their remedies so as to grant the necessary relief. Bell v. Hood, 327 U.S. 678, 684 (1946).

b. Plain Error

The Federal Rule of Criminal Procedure 52(b) provides:

> A plain error that affects substantial rights may be
> considered even though it was not brought to the
> court's attention.

3

**c.** The Fifth Amendment to the U.S. Constitution

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, [...]; nor be deprived of life, liberty, or property, without due process of law; [...].

**d.** Leadership Role For Upward Departure Of A Sentence

The Government must prove acting in concert with five or more persons, a leadership role for the defendant with respect to those persons, and substantial income or resources derived from the continuing series. Richardson v. United States. 526 U.S. 813, 835 (1999); United States v. Bahena, 223 F.3d 797, 803 (8th Cir. 2000)(A defendant must be an organizor or leader of a criminal activity that involved five or more persons).

B.   APPLICATION OF THE RULE OF LAW TO CORREA

   **a.** Correa's Indictment Is Defective, Therefore The Trial And Sentencing Court Lost Its Personal And Subject-Matter Jurisdiction Over Him.

The Superseding Indictment **against** Correa is defective, because it charged Correa with conspiracy but Correa is the only defendant in the indictment. See Appendix A. Additionally, there is not asserted how, where, and when Correa violated interstate commerce law, a requirement for any federal indictment. As a matter of fact, all Correa's activities were limited to the State of Nebraska.

It is well established that when an indictment charges a defendant for conspiracy, it has to have more than one defendant. Correa pleaded guilty of conspiracy to distribute methamphetamine, with no co-conspirator in his indictment.

For the above two reasons, Correa's indictment was obtained in violation of his rights under the Fifth Amendment of the U.S. Constitution. It is invalid and should be voided. Any conviction, even by guilty plea

4

to the defective and invalid indictment, is as well in violation of
Correa's rights to due process of law, and is void.

    b. Correa's Was Sentenced Under Erroneous Calculation Of His
       Offense Level After Wrongful Application Of Four Points
       For His Role As A Leader Of A Conspiracy.

Even if the Court concludes that Correa's Indictment is not defective,
which it is, his sentence is still in violation of his constitutional
rights and due process.

It is well settled that in order for a defendant to be considered
as a leader or organizor of a conspiracy, there should be more than
five co-defendants in that conspiracy to apply a four point enhancement
of sentence. The Government only introduced two other co-conspirators
with Correa at the time of sentencing. Those individuals are: Mr. Orozco-
Osbaldo and Mr. Briones-Hernandez, who were also separately sentenced
by this Court on different dates.

Accordingly, application of leadership and consideration of a four
point increase of offense level at the time of sentencing by this Court
is plain error, which affected the substantial rights of Correa, and
seriously affects fairness, integrity or public reputation of judicial
proceedings. If this four point wrongful enhancement is eliminated from the
final offense level of 40, which Correa's original sentence is based on,
he should have been sentenced under offense level 36. In other words,
his original sentence of 324 months, which Correa received under the
range of 324 to 405 months, should be corrected based upon the
final offense of level 36, and criminal history of II, to 210-262 months
range. This is of course before the two point reduction of the United
States Sentencing Commission's Amendment 782, which was announced in 2014,
and this Court previously granted to Correa.

At present, by correcting Correa's offense level and also applying the above two point reduction, his final offense level should be 34, with a range of 168-210 months incarceration. If the Court continues its lenity toward Correa, it could correct the miscarriage of justice that happened to him at the time of original sentence and order a new sentence of 210 months confinement, This is the case if the Court will not agree with the invalidness of his indictment and order his immediate release as a result of lack of personal and subject-matter jurisdiction over him and his case.

### III.   CONCLUSION

For all the above reasons, Correa respectfully prays for his requested relief(s) under the extraordinary writ of audita querela or plain error. He also prays for any other remedies that this Court deems proper in these circumstances.

### IV.   VERIFICATION

Defendant Juan Correa-Gutierrez, makes a solemn affirmation that the statements in this foregoing Motion, are made as his own personal firsthand actual knowledge, and are true, correct, complete, and not misleading in anyway whatsoever, under penalty of perjury under the law of the United States (28 U.S.C. § 1746).

Movant Correa also certifies under penalty of perjury that the submitted Appendices (A-C), are authenticated, true, and correct copies of the originals.

Respectfully submitted,

Juan Correa-Gutierrez

Dated: July 15 , 2019

6

## PROOF OF SERVICE

I, Juan Correa-Gutierrez, hereby certify under penalty of perjury that I have mailed a true copy of this legal instrument Under Motion To Correct Miscarriage of Justice..., via first class USPS to:

AUSA Robert C. Sigler
U.S. Attorney's Offices
1620 Dodge St.
Suite 1400
Omaha, NE  68102-1506

Executed on this 15 day of July 2019, in the County of Howard, State of Texas.

Juan Correa-Gutierrez

# APPENDIX

# A

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 AUG 20  PM 4: 14

OFFICE OF THE CLERK



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,                    )
                                             )
                    Plaintiff,               )          8:08CR267
                                             )
        vs.                                  )          SUPERSEDING INDICTMENT
                                             )          21 U.S.C. § 846
JUAN CORREA-GUTIERREZ,                       )          21 U.S.C. § 853
    a/k/a Armando Valencia Andrade,          )
                                             )
                    Defendant.               )

        The Grand Jury Charges:

### COUNT I

        Beginning from an unknown date but  at least as early as July 1, 2006, and continuing

through the present, in the District of Nebraska and elsewhere, JUAN CORREA-GUTIERREZ, a/k/a

Armando Valencia Andrade, defendant herein, did knowingly and intentionally combine, conspire,

confederate and agree with other persons, both known and unknown to the grand jury, to distribute

and possess with intent to distribute 50 grams or more of methamphetamine (actual), its salts,

isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

        In violation of Title 21, United States Code, Section 846.

### COUNT II

        As a result of the forgoing offenses, defendant  JUAN CORREA-GUTIERREZ, a/k/a

Armando Valencia Andrade shall forfeit to the United States any and all property constituting or

derived from any proceeds said defendant obtained directly or indirectly as a result of the violations

alleged in Count I of this Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count I of this Indictment, including but not limited to the following:

(A) $22,455.00 in United States currency seized from 6819 B Plaza, Apt, 96, on July 14, 2008;

(B) $370.00 in United States currency seized from Enrique Hurtado on July 15, 2008;

(C) $1,022 United States currency seized from the person of Juan Orozco on July 15, 2008;

(D) $4,372.00 United States currency seized from seized from 1924 South 17 Street on July 14, 2008.

In violation of Title 21, United States Code, Section 853.

A TRUE BILL:

FOREPERSON

JOE W. STECHER
United States Attorney

The United States of America requests that trial of this case be held at Omaha, Nebraska, pursuant to the rules of this Court.

ROBERT C. SIGLER
Assistant U.S. Attorney

Juan Correa Gutierrez
#-22397-047
Federal Correctional Institution
1900 Simler Avenue
Big spring TX. 79720



RECEIVED

JUL 22 2019

CLERK
U.S. DISTRICT COURT

Office of the Clerk
United States District Court
Roman L. Hruska U.S Courthouse
111 S. 18th Plaza. Suite 1152
Omaha, NE 68102-1322



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE