# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUAN CORREA-GUTIERREZ,<br><br>    Defendant. | 8:08CR267<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Motion to Correct Miscarriage of Justice under Extraordinary Writ of Audita Querela, or in the Alternative, Plain Error," ECF No. 155.

On April 20, 2009, the Defendant Juan Correa-Gutierrez pled guilty to Counts I and II of the Superseding Indictment, charging him with conspiracy to distribute 50 grams or more of actual methamphetamine (Count I) and forfeiture (Count II). Senior Judge Lyle E. Strom sentenced the Defendant on July 31, 2009, to a term of 324 months incarceration, followed by five years of supervised release, on Count I. The Defendant appealed, and his conviction and sentence were affirmed on March 17, 2010. He then submitted a motion under 28 U.S.C. § 2255, asserting ineffective assistance of counsel, and that motion was denied by Judge Strom, and on appeal.

He now seeks relief through the "extraordinary write of audita querela, or in the alternative plain error." The Court infers that the Defendant is asking the Court to exercise its authority under the All Writs Act, 28 U.S.C. § 1651, which states in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law." 28 U.S.C. § 1651(a). The All Writs Act has served as a "legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

The Defendant argues that the Superseding Indictment was defective because it charged him with conspiracy yet named only one Defendant. He also argues that he should not have received an enhancement under the Sentencing Guidelines for being a leader or organizer of the conspiracy, because only two other co-conspirators were named at the time of sentencing and a defendant should not be considered an organizer or leader unless the conspiracy involves at least five co-conspirators.

Following the Defendant's direct appeal, the U.S. Court of Appeals for the Eighth Circuit stated in its opinion: "The District Court did not commit procedural error by applying the aggravating-role enhancement. More than five participants were involved in the criminal activity, and Correa-Gutierrez supplied them with drugs and directed their actions." *United States v. Correa-Gutierrez*, 367 F. App'x 724 (8th Cir. 2010).

The record does not reveal any plain error, and this Court will not exercise any discretion under the All Writs Act to vacate the Defendant's conviction or alter his sentence.

IT IS ORDERED:

1. The Defendant's Motion to Correct Miscarriage of Justice under Extraordinary Writ of Audita Querela, or in the Alternative Plain Error, ECF No. 155, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 30th day of July 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge