IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>JUAN CORREA-GUTIERREZ,<br><br>                  Defendant. | 8:8-CR-267<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

      This matter is before the Court on defendant Juan Correa-Gutierrez's *pro se* Motion for Reconsideration. Filing 177. Correa-Gutierrez requests that the Court reconsider its denial of his Motion for Compassionate Release, Filing 173. Filing 177 at 1. The current Motion for Reconsideration expands on Correa-Gutierrez's tuberculosis diagnosis and further reiterates his argument that his health issues combined with the risk of infection from COVID-19 constitutes an "extraordinary and compelling" reason for release. Filing 177 at 7–21.

      The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. Nevertheless, the Supreme Court has recognized that motions for reconsideration "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010); *see also United States v. Dieter*, 429 U.S. 6, 8 (1976); *United States v. Healy*, 376 U.S. 75, 78–79 (1964). Although the Eighth Circuit Court of Appeals has not addressed what standards apply to motions for reconsideration in criminal cases, the usual practice is to borrow the standards applicable in the civil context. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (citing *Rollins*, 607 F.3d at 502 & *United States v. Gomez-Gomez*, 643 F.3d 463, 471–72 (6th Cir. 2011)).

1

Motions for reconsideration are limited: they are only permissible to correct "manifest errors of law or fact" or present "newly discovered evidence." *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). However, submitting "newly discovered evidence" in the compassionate-release context seems misplaced, as any "extraordinary and compelling" reasons for release must first be submitted to the Bureau of Prisons or the warden of the prisoner's facility. *See United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (outlining the administrative-exhaustion requirements in the compassionate-release context). In any event, Correa-Gutierrez does not present any additional evidence that was not already presented in his original Motion for Compassionate Release. He simply expands on his original arguments. Motions for reconsideration cannot be used "to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015)). Nothing in Correa-Guiterrez's Motion for Reconsideration alters the Court's conclusion that he does not have "extraordinary and compelling" reasons for release or that release would be contrary to the factors outlined in 18 U.S.C. § 3553(a). Accordingly,

IT IS ORDERED that Juan Correa-Gutierrez's Motion for Reconsideration, Filing 177, is denied.

Dated this 4th day of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge