IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:8-CR-267 |
| vs. | |
| JUAN CORREA-GUTIERREZ, | ORDER |
| Defendant. | |

This matter is before the Court after receiving an In Forma Pauperis Memo from the Clerk of Court. *See* Filing 181. The Clerk sent this Memo after defendant Juan Correa-Gutierrez filed a Notice of Appeal. Filing 180. The Notice of Appeal states that Correa-Gutierrez is appealing "the April 4, 2023, Order . . . denying Correa-Gutierrez's Motion for Reconsideration of his Motion for Compassionate Release/Reduction in Sentence." Filing 180 at 1. The Notice specifies the order being appealed by docket number, which matches the Court's Order denying Correa-Gutierrez's Motion for Reconsideration. Filing 180 at 1.

The Eighth Circuit Court of Appeals construes *pro se* notices of appeal liberally, asking only if the intent to appeal a particular order "is apparent and there is no prejudice to the adverse party." *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 29 F.4th 406, 413 (8th Cir. 2022) (quoting *Spectra Commc'ns Group, LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1118 (8th Cir. 2015)). In some cases, the Eighth Circuit has refused to entertain a *pro se* appeal on orders not listed in the notice of appeal. *See id.* (declining to hear appeal on an order denying a motion to amend complaint when only the summary judgment order and judgment were referenced in the notice); *see also Hallquist v. United Home Loans, Inc.*, 715 F.3d 1040, 1044–45 (8th Cir. 2013) ("Generally, 'a notice which manifests an appeal from a specific district court order or decision

1

precludes an appellant from challenging an order or decision that he or she failed to identify in the notice.'" (quoting *USCOC of Greater Mo. v. City of Ferguson, Mo.*, 583 F.3d 1035, 1040 (8th Cir. 2009))). In others, however, the Eighth Circuit has heard appeals on an underlying order when only a motion to reconsider the underlying order was listed in the *pro se* notice of appeal. *See Martin v. U.S. Tr.*, 22 F. App'x 689, 689 (8th Cir. 2001) (rejecting argument that the underlying order dismissing the *pro se* complaint was not appealed when the notice of appeal only included the order denying a motion to reconsider the dismissal under Federal Rule of Civil Procedure 59(e)).

If Correa-Gutierrez's appeal only involved the denial of his motion for reconsideration, the Court would certify his appeal as not taken in good faith and refuse to allow him to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3)(A) (stating that a court may deny *in forma pauperis* status when it "certifies that the appeal is not taken in good faith"). His motion for reconsideration was not proper because it did not comply with the limited purposes of such motions. *See* Filing 179; *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) ("A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." (quoting *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015)). An appeal solely aimed at the Order denying his Motion for Reconsideration would be frivolous.

Yet, Correa-Gutierrez is *pro se* and there are prior Eighth Circuit cases indicating that a notice of appeal referring to the denial of a motion to reconsider brings into its ambit the underlying order. *See Martin*, 22 F. App'x at 689. Thus, the Court finds that the notice of appeal also includes the Order denying Correa-Gutierrez's Motion for Compassionate Release. While the Court

considers such an appeal to be without merit, it cannot say that the appeal is not taken in good faith.

Turning to whether Correa-Gutierrez satisfies the requirements under Federal Rule of Appellate Procedure 24 to proceed *in forma pauperis*, the Court concludes that Correa-Gutierrez may proceed *in forma pauperis* on appeal. Correa-Gutierrez "was determined to be financially unable to obtain an adequate defense in [his] criminal case," so he may proceed *in forma pauperis* because the Court does not find the appeal to be taken not in good faith. Fed. R. App. 24(a)(3). Accordingly,

IT IS ORDERED:

1. Defendant Juan Correa-Gutierrez may proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure 24; and

2. The Clerk of Court is directed to process Juan Correa-Gutierrez's appeal.

Dated this 25th day of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3