IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:08-CR-267 |
| vs. | ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| JUAN CORREA-GUTIERREZ, | |
| Defendant. | |

This matter is before the Court on Defendant Juan Correa-Gutierrez's most recent *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 196. The Defendant previously filed a *pro se* Motion for Compassionate Release on February 7, 2023. Filing 173. The Court denied that Motion in a written order on February 27, 2023. Filing 175. Dissatisfied with that outcome, the Defendant moved for reconsideration on March 27, 2023. Filing 177. The Court likewise denied his motion for reconsideration via a written order on April 4, 2023. Filing 179. The Defendant then filed an appeal with the United States Court of Appeals for the Eighth Circuit. Filing 180. However, on May 3, 2023, the Eighth Circuit summarily affirmed this Court's denial of the Defendant's request for compassionate release. Filing 187. The Eighth Circuit's Mandate was issued on June 1, 2023. Filing 188.

Less than a year later, the Defendant returns to this Court once again seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 196. Defendant's present Motion consists of a completed template. *See generally* Filing 196. In this template, the Defendant also checked a box indicating that he wishes for this Court to appoint counsel. Filing 196 at 6. All relief he seeks will be denied.

1

## I. BACKGROUND

The Court will repeat some of the same background information that it previously recited the last time the Court ruled on Defendant's request for compassionate release. *See* Filing 175. On August 20, 2008, a grand jury charged the Defendant with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Filing 1 at 1. As outlined in his Revised Presentence Investigation Report, the Defendant conspired to distribute 2.9 kilograms of methamphetamine with several other individuals. Filing 94 at 5–9. The Defendant pleaded guilty and was sentenced to 324 months of incarceration, the low-end of the guideline range for his offense. Filing 92; Filing 106 at 16. On direct appeal, the Eighth Circuit Court of Appeals held that the Court did not err in applying the aggravating role-enhancement to the Defendant at sentencing because he "supplied [more than 5 co-conspirators] with drugs and directed their actions." *United States v. Correa-Gutierrez*, 367 F. App'x 724, 724 (8th Cir. 2010). On November 3, 2014, the Defendant filed a Motion to Reduce Sentence based on a retroactive change in the sentencing guidelines pursuant to 18 U.S.C. § 3582(c), which the Court granted. Filing 153 at 1. The Defendant received a reduced sentence of 262 months, which was the low end of the Defendant's revised guidelines. Filing 153-1 at 1. According to the Defendant, his projected release date is April 2, 2026. Filing 196 at 2.

## II. ANALYSIS

### A. Applicable Standards

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion

2

occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Pursuant to this statute,

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It is the prisoner's burden to establish an entitlement to compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

3

### B. Discussion[1]

One of the reasons the Court previously denied the Defendant's last motion for compassionate release was because it was not persuaded that the Defendant had demonstrated an "extraordinary and compelling" circumstance that would make him eligible for relief. *See* Filing 175 at 3. The Court reaches the same conclusion this time around as well. On the template form the Defendant completed, he checked a box indicating that he has "a serious physical or mental condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes [his] capacity to provide self-care within the environment of a correctional facility, and [he is] not expected to recover from this condition." Filing 196 at 4. The Defendant offers nothing in his Motion detailing either the name or nature of this condition. *See generally* Filing 196. To be sure, the Defendant did include prior correspondence he sent to his Warden along with his Motion wherein he claims to suffer from high blood pressure/hypertension and worsening vision problems. Filing 196 at 16. However, the Court concludes the Defendant's brief reference to these ailments is not sufficient to carry his burden of showing "extraordinary and compelling reasons" as that term is understood within the context of 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b)(1)(B). *See Avalos Banderas*, 39 F.4th at 1062 ("the inmate bears the burden to establish that compassionate release is warranted").

---

[1] As an initial matter, the Court notes that—contrary to his assertions—the record indicates the Defendant has not demonstrated that he exhausted his administrative remedies before filing this motion as required by 18 U.S.C. § 3582(c)(1)(A). The Defendant's Motion for Compassionate Release was received by this Court on May 20, 2024. Filing 196 at 1. The Defendant admits he submitted his request for compassionate release to his warden on April 26, 2024, and that he had not yet received a response from the warden at the time he filed his Motion. Filing 196 at 3, 16. As such, 30 days had not yet elapsed at the time he filed his Motion. *See* 18 U.S.C. § 3582(c)(1)(A). However, the Government did not file a response to the Defendant's Motion, and therefore necessarily did not raise the issue of exhaustion. *See Houck*, 2 F.4th at 1084 (explaining that § 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule" which means that "it must be enforced so long as the opposing party properly raises it"). Because the Government did not raise this issue, the Court will address the merits of the Defendant's arguments.

The Defendant also checked a box stating, "There are other extraordinary and compelling reasons for my release." Filing 196 at 4. However, the only "other" reasons the Defendant references relate to his rehabilitation while in prison and factors that are implicated in nearly every prison sentence (*e.g.*, the desire to return to family). *See* Filing 196 at 5. "Although post-sentencing rehabilitation can be considered in combination with other factors, rehabilitation alone cannot constitute an extraordinary and compelling reason to modify a sentence." *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). Accordingly, these other reasons the Defendant gives do not constitute "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b) either.

Alternatively, even if the Court were to assume for the sake of argument that the Defendant had demonstrated extraordinary and compelling circumstances that would make him eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § § 1B1.13(b) the Court would still deny his Motion because when the § 3553(a) factors are collectively considered they do not support release.[2] *See United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but then denied the defendant's motion because the § 3553(a) factors weighed against granting release). The Court remains convinced, as it was last year when it denied the Defendant's prior motion for compassionate release, *see* Filing 175 at 4, that release would be contrary to the nature, circumstances, and seriousness of his offense, as well as the need to provide for just punishment and to afford adequate deterrence.

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that the Defendant has failed to meet his burden of showing an entitlement to compassionate release, both because he has not demonstrated extraordinary and compelling circumstances that would warrant such release and because the § 3553(a) factors weigh against this relief. The Court will likewise deny the Defendant's request for the appointment of counsel because he has not demonstrated that such appointment is warranted in this case, particularly given that "a defendant's constitutional and statutory rights to assistance of counsel does not extend to postconviction proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. § 3582(c)." *United States v. Washington*, No. 6:02–CR-03110-MDH, 2022 WL 17637631, at *1 (W.D. Mo. Dec. 13, 2022) (citing cases); *cf. United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) ("[T]here is no Sixth Amendment right to counsel in sentence modification proceedings under § 3582(c)") (quotation marks and citation omitted). Accordingly,

IT IS ORDERED that Juan Correa-Gutierrez's Motion for Compassionate Release and Request for Appointment of Counsel, Filing 196, is denied.

Dated this 5th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge