IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUAN CORREA-GUTIERREZ,<br><br>　　　　　　Defendant. | 8:8-CR-267<br><br>ORDER ON MOTION FOR<br>COMPASSIONATE RELEASE |

  This matter is before the Court on the defendant's identical Motions for Compassionate Release, filed less than a week apart. Filing 205 (filed November 1, 2024); Filing 206 (filed November 7, 2024). The defendant was sentenced to a 324-month term of incarceration in August 2009 for his participation in a methamphetamine conspiracy. Filing 92 (Judgment). The defendant cites serious medical issues and other extraordinary and compelling reasons as grounds for passionate release.[1] Filing 205 at 4. For the reasons stated below, the defendant's Motions for Compassionate Release are denied.

  Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2

---

[1] The defendant marked a box indicating, "There are other extraordinary and compelling reasons for my release." Filing 205 at 4. However, the only arguments for compassionate release contained in the defendant's motion pertain to his medical issues, which are addressed below, and his postconviction rehabilitation. Section 1B1.13 of the United States Sentencing Guidelines provides, "Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." Because the Court concludes that the defendant's alleged medical issues cannot support compassionate release, the defendant's postconviction rehabilitation, standing alone, cannot support compassionate release, either.

1

F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since the prison warden received his request. *See* Filing 205 at 19 (showing that the warden denied the defendant's request on May 21, 2024). The Court therefore turns to the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines sets out "Medical Circumstances of the Defendant" that can constitute "[e]xtraordinary and compelling reasons

warrant[ing] reduction" in sentence for purposes of 18 U.S.C. § 3582(c)(1)(A). These circumstances are as follows:

> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is--
> > (i) suffering from a serious physical or medical condition,
> > (ii) suffering from a serious functional or cognitive impairment, or
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or he is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances--
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

Here, the defendant has alleged medical conditions including high blood pressure, vision problems, and gastritis. Filing 205 at 16. These common medical conditions are not circumstances that can support compassionate release. For instance, none of these conditions can be considered "a terminal illness" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. 1B1.13(b)(1)(A). Nor has the defendant alleged that "he is not expected to recover" from these conditions.

3

U.S.S.G. 1B1.13(b)(1)(B). Nor has the defendant alleged that he "is at risk of serious deterioration of health or death" from these conditions or from any "ongoing outbreak of infectious disease" that cannot be adequately mitigated. U.S.S.G. 1B1.13(b)(1)(C)–(D). The burden is on the defendant to establish his entitlement to compassionate release, *see Avalos Banderas*, 39 F.4th at 1062, and the defendant has failed to do so here. The defendant's Motions fail for this reason. However, even if the defendant had done so, his Motion would still fail because the 18 U.S.C. § 3553(a) sentencing factors would vitiate any extraordinary and compelling reasons for a reduced sentence. *See* U.S.S.G. 1B1.13.

Under U.S.S.G. 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Consideration of these factors indicate that granting compassionate release in this case would be inappropriate. The defendant had a total offense level of 44—or would have, but the sentencing table has a maximum offense level of 43. Filing 94 at 11. The defendant earned

this offense level due to the large quantity of methamphetamine (2.9 kilograms), possession of a firearm in relation to the offense, and his role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Filing 94 at 10–11. The guideline range for an offense level of 43 is life imprisonment, regardless of criminal history. This guideline was the same when the defendant was sentenced. *See* Filing 94 at 16. Thus, the defendant got a substantial break when he received a 324-month term of incarceration. The record further reflects that the defendant is a Mexican national who was residing in the United States illegally and had previously been deported under a false name. Filing 94 at 12. The "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1)—namely, the defendant's leadership of an armed drug-trafficking conspiracy—weighs heavily against granting compassionate release.

Reducing the defendant's sentence would also be inconsistent with the factors under 18 U.S.C. § 3553(a)(2). Regarding the need for "deterrence" and for the "sentence imposed [ ] to reflect the seriousness of the offense," *id.* § 3553(a)(2)(A), the sentence imposed was below the defendant's guideline custody range of lifetime incarceration. Filing 92 (Judgment). Further reduction of the defendant's sentence would not serve these important sentencing goals under 18 U.S.C § 3553(a). The Court has also considered the remaining applicable 18 U.S.C § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence, either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). Accordingly,

IT IS ORDERED that the defendant's Motions for Sentence Reduction, Filing 205 and Filing 206, are denied.

Dated this 12th day of December, 2024.

5

BY THE COURT:

_____

Brian C. Buescher
United States District Judge